**Application of Donald Irvin HOKE.**

**Patent Appeal No. 76–730.**

United States Court of Customs and Patent Appeals.

Sept. 1, 1977.

John L. White, Millen & White, Arlington, Va., attorneys of record, for appellant; James W. Adams, Jr., William H. Pittman, Cleveland, Ohio, of counsel.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents; Gerald H. Bjorge, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Patent and Trademark Office (PTO) Board of Appeals (board) affirming the rejection of claims 6–13 and 15 of reissue application serial No. 516,707, filed October 21, 1974, entitled "Water-Soluble Sulfonate Polymers as Flocculants," as obvious under 35 U.S.C. § 103 in view of Jennes et al. (Jennes).[1] We affirm.

*The Invention*

Appellant claims a method of flocculating solids suspended in water[2] by adding a water-soluble homopolymer or copolymer

---

1. West German Patent Application 1,442,408, published on November 21, 1968, on application serial No. P 14 42 408.9 (F38 432), filed on November 30, 1962, entitled "Flocculation Agent." Translation is in appendix to appellant's brief.

Claims 2, 3, 5 and 14 were also appealed, but their appeal has been withdrawn by appellant.

Appeal of claims 2, 3, 5 and 14 is, therefore, dismissed.

2. Flocculation is a process in which fine particles suspended in liquid are caused to aggregate into fibrous masses which can be easily filtered.

containing, among other alternatives, the unit:[3]

$$-CH_2-CH-$$
$$|$$
$$O=C$$
$$|$$
$$NH-C-CH_2-SO_3H$$ with $CH_3$ groups on the central carbon

### The Reference

Jennes discloses a class of polymers which are useful as flocculants and are *not* generic to appellant's claimed flocculants. In example 2, Jennes describes a flocculant which is formed of essentially the following building block:

$$-CH_2-CH-$$
$$|$$
$$O=C$$
$$|$$
$$NH-CH_2CH_2-SO_3H$$

The essential difference between Jennes' example 2 compound and the most structurally similar of appellant's compounds is that appellant has methyl radicals ($-CH_3$) instead of the hydrogens on the arrowed carbon.

### The Declaration

Appellant has submitted a declaration which shows that the Jennes compounds are approximately equivalent to appellant's compounds in terms of flocculation effectiveness. However, the declaration also shows that appellant's compounds are superior to the Jennes compounds in resistance to hydrolysis.[4]

### The Rejection

The examiner determined that it would have been prima facie obvious to substitute a branched alkylene chain for the unbranched alkylene chain connecting the two active groups on the Jennes flocculant to form another flocculant.[5] He reasoned that the substitution would not have been expected to change the flocculant ability and could have been carried out using conventional processes. In view of this prima facie obviousness, the examiner argued that it is applicant's burden to prove unexpected actual differences in properties.

The examiner found the declaration of superior resistance to hydrolysis insufficient for two reasons. First, the examiner stated that resistance to hydrolysis was not discussed in appellant's disclosure or recited in the claims and therefore cannot be relied upon by appellant. Second, the examiner stated that the conditions under which appellant has proven superiority are not recited in the claims, so the evidence is not commensurate in scope with the claims.

The board essentially adopted the examiner's reasoning except that the board was silent on the examiner's scope-of-the-evidence argument. Instead, the board raised Arlt et al. (Arlt)[6] which, the board stated, teaches that appellant's compound is insensitive to hydrolysis, thus making appellant's discovery of superior resistance expectable. Arlt is before us only to the extent that it is incorporated by the board's single reference to it.

### OPINION

We must first decide how to treat the Arlt reference which is not reproduced in the record. We assume that it was not reproduced because the parties are not in dispute over the prior art status of Arlt or over Arlt's teachings. From the remarks of the parties, it appears that Arlt teaches that appellant's compounds were known to exist and to be "not sensitive to hydrolysis." Appellant has admitted that Arlt establishes that high resistance to hydrolysis of his compounds would be expected. Appellant

---

3. It is noted that the claims on appeal depend from claims which were not appealed.

4. Simply stated, hydrolysis is the degradation of a molecule due to chemical attack by water.

5. To put it more graphically, the examiner essentially argued the following equivalence for flocculant purposes:

$$X-N-C-C-S-H \;=\; X-N-C-C-S-H$$ branched bridging radical equals straight bridging radical

Branched bridging radical equals straight bridging radical.

6. U.S. Patent No. 3,547,899.

has further admitted that resistance to hydrolysis is an obviously desirable property of a flocculant because a flocculant must normally operate in an aqueous environment.

Thus, it is not disputed that the prior art for our 35 U.S.C. § 103 analysis includes an old compound useful as a flocculant (the Jennes compound), knowledge that flocculants should be resistant to hydrolysis, and knowledge that appellant's compounds existed and are insensitive to hydrolysis. The real controversy involves whether there is evidence that appellant's compounds would have been expected to be flocculants.

This evidence has been supplied by the PTO's unrebutted assertions (1) that the Jennes compound and appellant's compounds are similar in structure particularly with respect to those portions of the molecule which control the flocculation activity (the acrylamide and sulfonic acid groups), and (2) that one would not expect branching of a straight chain which connects these groups to affect flocculation. Appellant's unsupported statements that the PTO has not established a prima facie case and appellant's recognition that branching was apparently not obvious to the authors of Jennes are not sufficient evidence to rebut the examiner's contention about the expected results of branching the bridging radical. Thus, the differences between the prior art and appellant's hydrolysis-resistant flocculant are such that appellant's invention as a whole would have been obvious. The decision of the board is *affirmed.*

*AFFIRMED.*